UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WINGS, INC., DALLAS LEE BENHAM, and CAROLYN BENHAM, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:09-cv-320-WTL-WGH |
| PPG INDUSTRIES, INC., PPG ARCHITECTURAL FINISHES, INC. d/b/a PORTER PAINTS, PPG/PORTER PAINTS, PORTER PAINTS STORE #4378, US CAN CORPORATION, THE BALL CORPORATION, JOHN DOE CORPORATIONS I-V and HENRY CARPENTER d/b/a CARPENTER & SONS PAINTING, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER COMPELLING DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Ball Plastic Container Corp.'s Motion for Order Compelling Discovery From Plaintiffs and Deeming Their Objections Waived, filed April 27, 2010. (Docket No. 27). In response, Plaintiffs filed a Notice of Compliance with Discovery on April 30, 2010. (Docket No. 28). Ball Plastic Container filed a Response to Plaintiffs' Notice of Compliance on May 3, 2010. (Docket No. 30).

The Magistrate Judge, being duly advised, now **GRANTS** the motion to compel new answers to interrogatories and responses to requests for production of documents.

In this case in which plaintiffs allege that their turkey barns have been damaged by improper painting, defendants have propounded certain interrogatories which ask for:  (1) the facts which support certain specific allegations in plaintiffs' Complaint, and (2) a listing of witnesses and documents that support those facts.  Plaintiffs have responded to these interrogatories in a very conclusory manner and by raising certain objections.  In this case, the Magistrate Judge need not address with specificity the objections raised by plaintiffs because the Magistrate Judge finds that the objections are not properly raised at this time and the answers to the interrogatories are simply too conclusory to be sufficient.

When a party to litigation is faced with answering interrogatories which request that they produce the facts that support allegations in the Complaint, that party is under a duty to list the facts that are known as of the date of the answers and state the names and addresses of witnesses who are known to possess those facts.  The responding party may not simply allege the general theories about what they will produce in the future in a conclusory manner. When answering such "contention" interrogatories, it is understood by the court and the parties that later discovery may cause the need to supplement the answers to interrogatories and requests for production as new materials and

witnesses are developed during the discovery process. Plaintiffs have not, in this case, responded with what facts and witnesses are known to date.

With respect to requests for production, plaintiffs need not produce items that are already in the possession of the defendants. However, they must describe with specificity which particular items or categories of items they rely upon to support their claims. Responses in this case do not state with specificity which particular documents or items plaintiffs are relying on to support their claim of damage.

If plaintiffs wish to withhold certain documents based on attorney work product or attorney-client privilege, they must provide the appropriate log as required in this Circuit and District under such cases as *Novelty, Inc. v. Mountain View Marketing, Inc.,* 265 F.R.D. 370 (Ind. 2009), and *Hobley v. Burge,* 433 F.3d 946 (7th Cir. 2006). A privilege log must be made on a document-by-document basis, and must include all the following information:

(1)　the name and job title or capacity of the author(s)/ originator(s);

(2)　the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party;

(3)　a general description of the document by type (e.g., letter, memorandum, report);

(4)　the date of the document; and

(5)　a general description of the subject matter of the document.

Plaintiffs are ordered to file more specific answers to interrogatories and responses to requests for production within fifteen (15) days of the date of this entry.

**SO ORDERED.**

**Dated:** June 3, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Bradley A. Bough
WRIGHT SHAGLEY & LOWERY
bbough@wslfirm.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Cynthia M Locke
STEWART & IRWIN, P.C.
clocke@silegal.com

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@locke.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com

Timothy L Shonk
LAW OFFICE OF TIMOTHY L. SHONK
shonkattorney@yahoo.com